UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYSON EUGENE MARSHEK,

    Petitioner,

                                      Case No. 06-CV-12119

v.

H.J. MARBERRY, Warden,

    Respondent.

_____/

**OPINION & ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE
PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the court is Petitioner Tyson Eugene Marshek's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241," filed pro se on May 9, 2006. For the reasons stated below, the court will summarily dismiss without prejudice the petition.

## I. INTRODUCTION

Petitioner is presently confined at the Federal Correctional Institution in Milan, Michigan. He is challenging a Federal Bureau of Prisons' disciplinary decision. Petitioner, however, has not shown that he sought informal or appellate review of his dispute in accordance with the disciplinary process within the Bureau of Prisons' administrative remedy program.

## II. BACKGROUND

While confined at the Federal Correctional Institution in Milan, Michigan, Petitioner was charged with Threatening Another With Bodily Harm. More specifically,

Petitioner was accused of threatening to throw urine upon a Special Housing Unit Officer, which constitutes a threat of bodily harm. Prior to Petitioner's disciplinary hearing regarding this matter, he sought the opportunity to call certain witnesses to testify in his defense of the charge. Petitioner asserts that he was denied that opportunity and was therefore deprived of his substantive and procedural due process rights. The disciplinary hearing was held without the benefit of Petitioner's witnesses; and on May 6, 2004, he was found guilty of the charged offense. Petitioner was sanctioned with 21 days of disciplinary segregation, 45 days of commissary loss and 27 days of good conduct time. Accordingly, Petitioner has filed this habeas petition and requests that an evidentiary hearing be held relative to this matter and that his sentence be recalculated.

### III.  DISCUSSION

A preliminary question is whether Petitioner exhausted administrative remedies relative to his claim. "It is well established that federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted." *Little v. Hopkins,* 638 F.2d 953, 953-54 (6th Cir. 1981); *see also Graham v. Snyder,* 68 Fed. Appx. 589, 590-91 (6th Cir. June 18, 2003). The exhaustion requirement generally is:

> required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Weinberger v. Salfi,* 422 U.S. 749, 765 (1975).

The Bureau of Prisons maintains an administrative remedy program through

which inmates may seek formal review of issues relating to any aspect of their confinement. *See* 28 C.F.R. §§542.10(a). Inmates must first seek informal resolution of their concerns with staff. *See* 28 C.F.R. §§542.13. If they are unsuccessful, they may submit a request for an administrative remedy to the warden of the prison. *Id.* An inmate who is dissatisfied with the warden's response may appeal to the appropriate regional director for the Bureau of Prisons. *See* 28 C.F.R. §§542.13-15. The regional director's decision may be appealed to the General Counsel for the Bureau of Prisons. *Id*. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *Irwin v. Hawk,* 40 F.3d 347, 349 n.2 (11th Cir. 1994).

The burden is on the petitioner to prove exhaustion. *See e.g. Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). In this case, Petitioner has not met his burden of showing exhaustion of administrative remedies. Petitioner has not demonstrated that he has pursued his appellate rights within the Bureau of Prisons by filing an appeal with the Office of General Counsel before proceeding to this Court.

Petitioner has not shown that exhaustion would be futile. Exhaustion requires that Petitioner fairly present his claims to the Bureau of Prisons on appeal, but does not require that the Bureau of Prisons rule on the merits of those claims. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Presentation of the claims is sufficient to satisfy exhaustion. "If the Court were to allow a prisoner to simply wait until the time prescribed by the regulations for filing his appeal has expired and then file a petition for a writ of habeas corpus which the court would consider on its merits, the doctrine of exhaustion of administrative remedies would be circumvented and wholly undermined." *Six v. United States Parole Comm'n.,* 502 F. Supp. 446, 448 (E.D. Mich. 1980). Petitioner

3

must attempt to fully exhaust his administrative remedies before seeking federal habeas relief in this Court; and he has not done so in this case.

## IV.  CONCLUSION

For the reasons stated, IT IS ORDERED that Petitioner's "Petition for a Writ of Habeas Corpus filed Pursuant to 28 U.S.C. §2241" [Dkt. #1] is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Petitioner's Application to Proceed Without Prepayment of Fees [Dkt. #2] is DENIED as moot.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 31, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 31, 2006, by electronic and/or ordinary mail.

  S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Odd Orders\06-12119.MARSHEK.SummaryDismissal.wpd